Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso se apela de una sentencia del Tribunal de Primera instancia, Sala Superior de Ponce (Hon. Julio Alvarado Ginorio, J.) dictada el 10 de febrero de 1995, desestimando una reclamación de daños y perjuicios ("Product Liability"). Copia de la sentencia se archivó en autos el 1ro. de marzo de 1995.
Oportunamente, el día 10 de marzo de 1995, los apelantes presentaron ante el Tribunal de *1029 Primera Instancia un escrito titulado "Solicitud al Amparo de la Regla 43.3 de Procedimiento Civil". En este escrito se solicitaba que se incluyeran en la sentencia determinaciones de hecho y de derecho adicionales, y que se enmendara la sentencia de conformidad a las mismas declarando con lugar la demanda. En el párrafo E de la mencionada solicitud se establece lo siguiente:

"E- Siendo la doctrina en esta jurisdicción de que no se necesita testimonio pericial para probar los hechos de un caso y surgiendo de la sentencia dictada de que el Tribunal descansó única y exclusivamente en la ausencia de prueba pericial de esta parte para probar que la operación de la olla fue lo que ocasionó el accidente, se solicita se conceda un nuevo juicio al amparo de la Regla 48.1 (c) exclusivamente en ese aspecto ya que la parte demandante tenía derecho a descansar en el Informe Batelle el cual establece la peligrosidad de la olla y fue lo que motivó el retiro a nivel nacional de las ollas como la del presente caso, que ocasionó el accidente."

Esta es la única referencia que se hace en todo el escrito en relación con una solicitud de nuevo juicio.
El 7 de abril de 1995, el Tribunal de Primera Instancia dictó una resolución en relación con la solicitud presentada acogiendo algunas de las determinaciones de hechos. En el cuarto párrafo de la resolución, el Tribunal estableció que "[s]e deniegan todas las determinaciones de hecho y de derecho solicitadas". Dicha resolución fúe notificada a las partes el 20 de abril de 1995.
El 19 de mayo de 1995, los demandantes radicaron ante el Tribunal a quo una moción solicitando resolución alegando que la resolución del 7 de abril no había resuelto su solicitud de nuevo juicio. Esta moción fue declarada no ha lugar mediante resolución de 24 de mayo de 1995, y notificada el 13 de junio de 199. Según la resolución del Tribunal la moción solicitando resolución ”[s]e declara no ha lugar por no haberse radicado la referida moción bajo la Regla 48.1 (c)". El recurso de apelación fue presentado el 10 de julio de 1995.
De lo anterior se desprende, indudablemente, que el plazo jurisdiccional de treinta (30) días para presentar un recurso de apelación, comenzó a decursar el día 20 de abril de 1995, es decir, el día del archivo en autos de copia de la resolución del 7 de abril de 1995. Por consiguiente, el recurso de apelación radicado ante este Tribunal el día 10 de julio de 1995, fue presentado fuera del término prescrito por lo que el Tribunal de Circuito de Apelaciones carece de jurisdicción para resolver el mismo.
Según la Regla 14 (A) del Reglamento del Tribunal de Circuito de Apelaciones el recurso de apelación debe ser formalizado "conforme a las disposiciones pertinentes de las Reglas de Procedimiento Civil". A tenor con la Regla 53.1 de este cuerpo normativo, 32 L.P.R.A. Ap. Ill R. 53.1, el recurso debe ser instado "dentro de los treinta (30) días siguientes al archivo en autos de una copia de la notificación de la sentencia."
Aun si tomáramos en consideración la solicitud de nuevo juicio para efectos del cómputo del término para recurrir ante nos, podemos percatarnos de que la misma no cumple con los requisitos de la Regla 48.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ffl R. 48.1, ya que no establece ninguno de los requisitos de la regla. Según esta Regla:

"Se podrá ordenar la celebración de un nuevo juicio por cualquiera de los siguientes motivos:

(a) Cuando se descubriere evidencia esencial la cual, a pesar de una diligencia razonable, no pudo descubrirse ni presentarse en el juicio.

*1030
(b) Cuando no fuere posible preparar una exposición en forma narrativa de la evidencia o cuando no fuere posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapacidad del taquígrafo, o la ausencia o pérdida de la cinta magnetofónica correspondiente.

(c) Cuando la justicia sustancial lo requiere. El Tribunal podrá conceder un nuevo juicio a todas o cualesquiera de las partes y sobre todas o parte de las cuestiones litigiosas."

Por otro lado, como pudimos observar en la resolución de 7 de abril de 1995, el Tribunal a quo dispuso de manera definitiva de la solicitud al amparo de la Regla 43.3 de las de Procedimiento Civil, así como de la escueta solicitud de nuevo juicio que los demandantes alegan haber acumulado en dicha solicitud, la cual no fue aceptada por el Tribunal de Primera Instancia. El foro de primera instancia adoptó mediante la resolución aludida algunas de las determinaciones adicionales expresadas por los demandantes, pero denegó expresamente el resto de las determinaciones de hechos y de derecho, entre las cuales se encontraba la solapada solicitud de nuevo juicio.
De acuerdo con lo anterior podemos concluir que los demandantes debieron haber radicado el escrito de apelación no más tarde del día 22 de mayo de 1995. Sabido es que la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogarse la jurisdicción que no tiene, teniendo los tribunales el ineludible deber de examinar su propia jurisdicción, así como aquella del foro de donde procede el recurso. Vázquez v. A.R.P.E., 129 D.P.R. _ (1991), 91 J.T.S. 53.
Por los motivos antes expuestos se desestima el presente recurso de apelación por falta de jurisdicción.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General